NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIUYING LI,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　Respondent. | No. 13-70341<br><br>Agency No. A099-458-331<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:　　LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

　　Xiuying Li, native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying her application for asylum and withholding of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252.　We review for substantial

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　See Fed. R. App. P. 34(a)(2).

evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

The record does not compel the conclusion that Li established changed circumstances to excuse her untimely filed asylum application. *See* 8 C.F.R. § 1208.4(a)(4); *see also Ramadan v. Gonzales*, 479 F.3d 646, 657-58 (9th Cir. 2007) (per curiam). We lack jurisdiction to consider arguments regarding changed circumstances that Li did not raise to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). Finally, we reject Li's contention that the agency's analysis of changed circumstances is contrary to the intent of the law. Thus, Li's asylum claim fails.

Substantial evidence supports the BIA's finding that Li failed to establish it is more likely than not that she would suffer mistreatment constituting persecution if returned to China. *See* 8 C.F.R. § 1208.16(b)(2); *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006) (to qualify for withholding of removal, an alien must show a clear probability of future persecution). Thus, Li's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**

13-70341